IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | 8:03CR179 |
| ) | |
| v. ) | |
| ) | ORDER |
| NICHOLAS L. RUDD, ) | |
| ) | |
| Defendant. ) | |

This matter is before the court on the defendant's motion to determine custody (Filing No. 30) and the motion for leave to proceed in forma pauperis (Filing No. 31). In his motion to determine custody, the defendant, Paul Rudd, asks this court to determine whether he is properly incarcerated in federal custody. He asserts that the state never relinquished its primary jurisdiction over him, and as a result, he should be in the custody of the Department of Corrections for the State of Nebraska, not the custody of the United States Bureau of Prisons. The court has reviewed the record and applicable law and finds that the resolution of this matter will require an evidentiary hearing, necessitating the defendant's physical presence.

Local law enforcement arrested defendant on February 28, 2003, on unrelated charges. Presentence Investigation Report ("PSR"), Filing No. 27 at 1. Pursuant to a federal detainer lodged against the defendant, the defendant made his initial appearance in federal court on March 7, 2003, before Magistrate Judge Kathleen Jaudzemis. Filing No. 7. On April 29, 2003, pursuant to a Writ of Habeas Corpus, Rudd appeared in federal court for his initial appearance on the indictment charging him with four separate counts of bank robbery, three separate counts of using a firearm, and one count for being a felon

in possession, in violation of Title 18 United States §§ 2113(a), 924(c)(1)(A)(ii), and 922(g)(1). Filing Nos. 9 &12.

On June 30, 2003, Judge Gary Randall, of the 4th Judicial District Court of Nebraska, allegedly relinquished the State of Nebraska's primary jurisdiction over the defendant to the U.S. Marshal Service when he made the following entry on defendant's state criminal docket sheet: "Defendant's Bond revoked, def to be released to Federal Authorities for prosecution, and then to be returned to Douglas Country for prosecution of the charges continued herein." Filing No. 41 at 7. Whether Judge Randall's relinquishment granted this court primary jurisdiction over the defendant is now one of the issues the defendant has raised before this court. *See U.S. v. Dowdle, 217 F.3d 610, 611 (8th Cir. 2000)* (stating that "[b]ecause the state's jurisdiction was relinquished by a state judge, rather than the prosecutor or a representative of the state executive branch, the relinquishment was ineffective and [defendant's] status as a state prisoner was unchanged.").

On July 7, 2003, Rudd appeared before this court and entered a plea of guilty to Counts I, III, V, and VI of the federal indictment. Filing No. 18. The court sentenced defendant to 108 months' imprisonment, to run concurrent to any time imposed by the State of Nebraska. Filing No. 28 at 2. The defendant remained in federal custody, and was temporarily returned to Douglas County for sentencing on November 3, 2002, when Judge Randall sentenced defendant to 3 to 5 years imprisonment, "to run consecutive to any other sentence." Filing No. 41 at 5. Defendant is currently in the physical custody of the Bureau of Prisons, housed at a federal facility in Butner, North Carolina.

In his motion to determine custody, the defendant asks this court to determine whether he is properly incarcerated in federal custody. Defendant asserts that because

the state was the initial arresting authority on February 28, 2003, the state held primary jurisdiction over the defendant. Rudd further asserts that Judge Randall lacked the authority to relinquish the state's primary jurisdiction over defendant on June 30, 2003, because, as Rudd contends, the authority to relinquish primary jurisdiction is an *executive*, not *judicial*, authority. Consequently, the defendant argues that he has remained under the custody of the State of Nebraska since the date of his arrest and his current incarceration in a federal facility is improper.

The court finds that the jurisdictional issues in this matter are complicated and necessitate an evidentiary hearing that also require the defendant to be physically present.

IT IS ORDERED:

1. The Federal Public Defender for the District of Nebraska is appointed to represent the defendant in this matter. In the event that the Federal Public Defender accepts this appointment, the Federal Public Defender shall forthwith file a written appearance in this matter. In the event the Federal Public Defender should decline this appointment for reason of conflict or on the basis of the Criminal Justice Act Plan, the Federal Public Defender shall forthwith provide the court with a draft appointment order (CJA Form 20) bearing the name and other identifying information of the CJA Panel attorney identified in accordance with the Criminal Justice Act Plan for this district.

2. Defendant's application to proceed in forma pauperis (Filing No. 31) is granted.

3. The parties shall appear before the undersigned on **April 23, 2009, at 3:00 p.m., Courtroom No. 3, Roman L. Hruska U.S. Courthouse, 111 South 18th Plaza, Omaha, Nebraska,** and be prepared to argue the merits of the Motion to Determine Custody (Filing No. 30).

    4.  The defendant will appear in person at the hearing in person.  **The U.S. Marshal is directed to return the defendant to the district for this hearing.**

    5.  The Clerk of the Court is directed to mail a copy of this Memorandum and Order to the defendant at his last known address.

DATED this 19th day of February, 2009.

                        BY THE COURT:

                        s/ Joseph F. Bataillon
                        Chief District Judge